**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN  DIVISION**

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                                        No. 4:95CR00040 JLH

GARY D. ANDERSON                                                                                DEFENDANT

**ORDER**

On June 26, 1995, Gary D. Anderson was convicted of being a felon in possession of a

firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Based upon four previous felony

convictions for serious drug offenses, he was found to be an armed career criminal and sentenced

pursuant to U.S.S.G. § 4B1.4(b)(3)(B).  Pursuant to that section, his offense level was found to be

33, and his criminal history category was VI, which resulted in a sentencing range of 235-293

months.  On September 19, 1995, the Honorable Henry Woods, now deceased, imposed a sentence

of 235 months.  The following colloquy occurred between defense counsel and Judge Woods at the

sentencing hearing:

> MR. MILLER:  . . . I think the proposed sentence is just far out of line for what Mr.
> Anderson is accused of.
>
> THE COURT:  Well, that may be true.  You know, I join Judge Eisele in holding
> these guidelines unconstitutional. I don't like them. In some cases they result in very
> harsh sentences and others I think they result in too lenient sentences, but, anyway,
> they are the law and I have to follow them.  It is a long sentence in this case, but I
> don't have any option but to impose it.

The Eighth Circuit affirmed the conviction.  This Court received the mandate on April 23, 1996.

Anderson subsequently filed a motion for relief pursuant to 28 U.S.C. § 2255, which the

Court denied.  This Court and the Eighth Circuit denied a certificate of appealability.  Later,

Anderson filed a motion to vacate the judgment, which the Court denied.  He petitioned the Eighth

Circuit for a writ of prohibition, but that petition was denied.

Now, Anderson has filed a motion for a writ pursuant to the All Writs Act, 28 U.S.C. §

1651(a).  His motion seeks a resentencing based upon Amendment 709 to the United States

Sentencing Guidelines and the decision of the Supreme Court in *United States v. Booker*, 543 U.S.

220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

The circumstances in which a sentence may be modified after it has been imposed are

delineated in 18 U.S.C. § 3582(c).  Subsection 3582(c)(2) provides that a defendant who has been

sentenced to a term of imprisonment based upon a sentencing range that has subsequently been

lowered by the Sentencing Commission may have his term of imprisonment reduced if such a

reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10, effective May 1, 2008, authorizes a reduction in sentence when the guideline

range applicable to the defendant has subsequently been lowered as a result of an amendment to the

Guidelines Manual listed in subsection (c).  *See* U.S.S.G. § 1B1.10(a)(1).  Subsection (c) says:

> Covered Amendments. – Amendments covered by this policy statement are listed in
> Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454,
> 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by
> 711, and 715.

Amendment 709, upon which Anderson relies, is not identified in the policy statement of the

Sentencing Guidelines as an amendment for which the Court has authority to reduce a defendant's

sentence.  Because the statute, 18 U.S.C. § 3582(c)(2), provides that the Court may reduce a sentence

pursuant to an amended sentencing range only "if such a reduction is consistent with the applicable

policy statements issued by the Sentencing Commission," the Court has no authority to reduce Anderson's sentence because of Amendment 709 to the Sentencing Guidelines.

In *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005), the court held that the rule announced in *Booker* does not apply to criminal convictions that became final before the rule was announced.  Anderson's conviction became final almost nine years before the new rule in *Booker* was announced.  Therefore, that new rule was not apply to him.

In summary, the Court has no authority to modify Anderson's sentence.  Therefore, the motion for a writ pursuant to the All Writs Act, 28 U.S.C. § 1651(a), is DENIED.  Document #66. The motion for bond pending adjudication of the motion pursuant to 28 U.S.C. § 1651(a) is DENIED AS MOOT.  Document #68.

IT IS SO ORDERED this 25th day of September, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE